UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 2:15-CR-22-JVB-JEM |
| MONTREASE YOUNG | |

**OPINION AND ORDER**

The Court addresses the amount of restitution Defendant Montrease Young owes.

**A.  Background**

Defendant entered into a plea agreement in which she agreed to make restitution, and she agreed that the amount of restitution was not limited to the conduct detailed in the count of conviction. (Plea Agreement, DE 2, ¶ 7(e).) On March 23, 2015, she pleaded guilty to Count 1 of the Information, charging her with conspiracy to possess stolen identification documents in violation of 18 U.S.C. § 1028(f) and 1028(a)(6). (Change Plea Hr'g, DE 10.)

At sentencing, the Court took the issue of the amount of restitution owed by Defendant under advisement. (Sentencing Hr'g, DE 28.) Defendant argues she should pay $3,185.08 in restitution. (Def.'s Restitution Br., DE 31.) The government seeks restitution in the amount listed in the presentence investigation report (DE 20): $14,959.40. (Gov.'s Restitution Br., DE 32.)

**B.  Law**

The parties do not dispute that Defendant must pay restitution in this case. Rather, the disagreement concerns the amount due.

1

The government bears the burden to prove the amount of restitution due, but "a defendant's wholly unsubstantiated statements are not enough to counter or even question the court's acceptance of the government's proof of loss as outlined in the pre-sentence investigation report . . . ." *United States v. Swanson*, 394 F.3d 520, 527 (7th Cir. 2005) (citing *United States v. Sensmeier*, 361 F.3d 982, 989 (7th Cir. 2004).

The Court is not required to determine the amount of restitution due solely from the indictment, but can base its decision on reliable evidence neither mentioned in the indictment nor admissible at trial. *See United States v. Littrice*, 666 F.3d 1053, 1060 (7th Cir. 2012); *United States v. Danford*, 435 F.3d 682, 689 (7th Cir. 2006).

Defendant leans on *United States v. Rand* for support, but that case undermines her position. In *Rand*, the Seventh Circuit noted that the defendant "may be held responsible for losses caused by the foreseeable acts of his co-conspirators" and that "[c]o-conspirators generally are jointly and severally liable for injuries caused by the conspiracy, and this principle applies to the restitution context no less than to sentencing." *United States v. Rand*, 403 F.3d 489, 495 (7th Cir. 2005).

**C.     Discussion**

Defendant pleaded guilty to conspiracy to possess stolen identification documents. She agreed in her Plea Agreement to make restitution to the victims. She further agreed that the restitution would not be limited to conduct detailed in the count of conviction:

> I agree to make restitution to the victims of my offense in an amount to be determined by the sentencing court. I understand that in determining the appropriate amount of restitution to be paid by me, the Court is not limited to the conduct detailed in the count or counts to which I am pleading guilty,

> but may order restitution to victims of similar conduct of mine which may not be charged in the indictment or in the counts to which I am pleading guilty.

(Plea Agreement, DE 2, ¶ 7(e).)

The PSR, which the Court accepted, details Defendant Montrease Young's participation in the identify theft scheme. According to the PSR, Defendant Montrease Young knew co-conspirator Angela Young "stole information and documents from patient medical files." (PSR, DE 20, ¶ 11.) Defendant Montrease Young "knowingly allowed her residence [at] N. Sedgwick . . . to be used as a shipping point in the fraud scheme." (*Id.*) In a handwritten statement, Defendant Montrease Young admitted she received merchandise as payment for the use of her address in the scheme. (*Id.*) She agreed with her co-conspirators to receive and possess stolen identification documents so that co-conspirators could open credit cards and purchase merchandise. (*Id.*)

Defendant Montrease Young's N. Sedgwick address "was identified on fraudulent credit card applications as an address for specific victims" and "credit cards, billing statements, and merchandise were sent to Montrease Young's address . . . ." (*Id.* at ¶ 12.)

In October of 2007, the personal identifying information ("PII") of OH and AS was used to complete applications with Credit One bank, using Defendant Montrease Young's home address. (*Id.* at ¶ 15.)

In February of 2008, the PII of JM was used to complete an application with Barclay using the same address. (*Id.* at ¶ 16.)

In July of 2008, the DSNB (Macy's) account of DP was hijacked and the address was changed to the Sedgwick address. (*Id.* at ¶ 18.)

On September 24, 2008, the PII of MB and DP was used to complete applications with Credit One using the Sedgwick address. (*Id.* at ¶ 23.)

On November 15, 2008, applications were made with WFNNB (Victoria's Secret) and GE Walmart for MB. (*Id.* at ¶ 25.)

Between November 15, 2008, and November 29, 2008, the PII of NS was used to make four applications for credit, including an application with WFNNB (Victoria's Secret). (*Id.* at ¶ 25.)

In March of 2009, the PII of JM was used to make two applications for credit with Barclay. (*Id.* at ¶ 28.)

The PSR sets out the actual losses as follows:

| | **Credit Card Co.** | **Amount** | **Victim's Initials** |
|---|---|---|---|
| a) | GE Walmart | $2,113.87 | MB |
| b) | Credit One | $338.88 | OH-($139), AS-($199.88) |
| c) | Barclay-LL Bean | $9,638.50 | JM |
| d) | DSNB-Macy's | $2,846.20 | DP |
| e) | WFNNB-Victoria's Secret | $21.92 | NS |
| | **TOTAL** | **$14,959.37** | |

(*Id.* at ¶ 35.)

In her brief regarding restitution, Defendant does not dispute that the conspiracy in which she played a part caused losses totaling to this amount. Rather, she argues there is no evidence that she is responsible for the losses beyond the $3,185.08 directly attributable to her, or that the additional losses were reasonably foreseeable to her.

4

The Court disagrees. The evidence shows that Defendant participated in a conspiracy, and that the losses caused by the conspiracy, enumerated above, were foreseeable. Defendant Montrease Young need not have pressed the "Enter" button on each fraudulent application to be responsible for it. She joined a conspiracy, and she is responsible for losses caused by the foreseeable acts of her co-conspirators. *Rand*, 403 F.3d at 495.

**D.     Conclusion**

The Court ORDERS Defendant Montrease Young to pay $14,959.37 to the United States District Court Clerk's Office, in Hammond, Indiana, within 14 days of the entry of judgment, to be disbursed as follows:

- a)    $2,113.87 to GE Walmart;
- b)    $338.88 to Credit One;
- c)    $9,638.50 to Barclay-LL Bean;
- d)    $2,846.20 to DSNB-Macy's; and
- e)    $21.92 to WFNNB-Victoria's Secret.

Defendant Montrease Young's responsibility to pay this amount is joint and several with co-conspirators Alexis Young and Angela Young under Cause Number 2:13-CR-138.

If financially unable to fulfill this requirement, Defendant Montrease Young must pay restitution in monthly installments of $100 until it is paid in full. Such payment schedule will begin 30 days after entry of this Order and will remain in effect until such time as the Court is notified by Defendant, the victim, or the government that there has been a material change in Defendant's ability to pay. The Court orders Defendant Montrease Young to notify the Court and

5

the Attorney General of any material change in her economic circumstances that might affect her ability to pay restitution.

**SO ORDERED** on August 5, 2016.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE